IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

J. W. JUNG SEED COMPANY

    Plaintiff,

vs.

ANTHONY VOWELL and FLIGHT 396, LLC

    Defendants.

Civil Action No.:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, J.W. Jung Seed Company ("**Jung Seed**"), brings this action for trademark infringement and unfair competition against Defendants, Anthony Vowell and Flight 396, LLC, and alleges as follows:

### PRELIMINARY STATEMENT

This is an action for infringement of Jung Seed's federally registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all arising out of Defendants' unauthorized and willful use of the JUNGLETTE trademark. Jung Seeds seeks injunctive relief and monetary damages, as well as enhanced damages and recovery of its attorneys' fees and costs due to the exceptional and willful nature of the infringement.

### PARTIES

1.     Jung Seed is a Wisconsin corporation with a principal office at 335 S. High Street, Randolph, Wisconsin 53957.

2. Defendant Anthony Vowell is an individual resident of Texas with an address of 1070 W. 43rd Street, Houston, Texas 77018 and a post office box address of P.O. Box 995, Humble, Texas 77347 ("**Vowell**").

3. Defendant Flight 396, LLC is a Texas limited liability company ("**Flight 396**"). Flight 396's sole manager is Vowell. Flight 396 may be served with process through its registered agent, Registered Agents, Inc., 5900 Balcones Drive, Suite 100, Austin, Texas 78731. Flight 396 and Vowell are collectively referred to herein as "**Defendants**."

## JURISDICTION AND VENUE

4. This is an action for trademark infringement under 15 U.S.C. § 1114(1)(a) and false advertising and unfair competition under 15 U.S.C. § 1125(a). This Court has subject matter jurisdiction over the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they are citizens of Texas. Vowell is a resident of the State of Texas. Flight 396 is a Texas limited liability company and, on information and belief, its sole member is a Texas citizen.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants reside within this judicial district, and because a substantial part of the acts giving rise to the claims asserted herein took place and continue to take place in this district.

## FACTUAL BACKGROUND COMMON TO ALL CLAIMS

**JUNG SEED**

7. Jung Seed is a family-owned business headquartered in Randolph Wisconsin that has sold seed and plants in connection with the JUNG trademark for almost one hundred and

fifteen years.

8. Jung Seed owns and operates brick and mortar retail stores, an online retail store and sells its seeds and plants through print catalogs.

9. Jung Seed prints and distributes over 8 million catalogs each year throughout the United States.

10. Jung Seed owns two (2) federal registrations for its JUNG trademark:

    a. <u>U.S. Reg. No. 2036703</u> Class 31: seeds, FIRST USE: October 1906; FIRST USE IN COMMERCE: December 1907.  Registration Date: February 11, 1997; and

    b. <u>U.S. Reg. No. 2036703</u> Class 35: retail store services featuring home gardening products, plants, and trees; and mail order catalog services featuring gardening products, FIRST USE IN COMMERCE: March 27, 1997.  Registration Date: May 26, 1998.

(collectively, the "JUNG Registrations").

11. The JUNG Registrations have been renewed, remain in good standing and have become incontestable under Section 15 of the Lanham Act.

12. Jung Seed also owns and uses stylized versions of its trademarks, including (without limitation) the following:

  

13. Jung Seed owns and operates a website retail business in connection with the JUNG trademark at www.jungseed.com.

14. Jung Seed has invested significant resources in developing, promoting and protecting the

3

goodwill in the JUNG trademark and Jung Seed's products and services.

15. Jung Seed has actively used, advertised and marketed high quality seeds and plants in connection with the JUNG and other trademarks for over one hundred and fourteen years.

16. Consumers widely recognize the JUNG trademark as being associated with high quality plants and seeds, as well as related products and services.

17. Due to Jung Seed's long-term and exclusive use of the JUNG trademark with consumer plants and seeds, the JUNG trademark is widely recognized by the general consuming public in the United States and is recognized as the source of high- quality seeds and plants.

**DEFENDANTS**

18. On information and belief, Defendant Vowell is the founder of the "JUNGLETTE" online marketplace, and has, at all times relevant to this action, directed all activities relating to the JUNGLETTE business and trademark.

19. On information and belief, Defendant Vowell registered the www.junglette.com domain name on May 1, 2020.

20. On information and belief, Defendant Vowell created social media accounts on Facebook and Instagram with the "JUNGLETTE" name. Defendants' Facebook page, facebook.com/JungletteTeam, currently has 2,862 followers.

21. On information and belief Defendant Vowell created a storefront on Etsy in connection with the JUNGLETTE trademark.

22. For several months, Defendant Vowell published a countdown page on the www.junglette.com website, stating that "[w]e're building the premiere marketplace for all things plants." Below is a true and correct screen capture of the www.junglette.com

website content on February 5, 2021.



**ACTUAL CONSUMER CONFUSION & JUNG SEED'S FIRST KNOWLEDGE OF DEFENDANTS**

23. On or around January 29, 2021, a Jung Seed customer reached out to Jung Seed because they saw Defendants' JUNGLETTE website or social media page, and inquired as to whether the JUNGLETTE website was operated by Jung Seed or was infringing on Jung

Seed's rights.

24. Jung Seed immediately began researching the Defendants, whose identity and contact information was not available through their website or social media sites.

**COMMUNICATIONS BETWEEN THE PARTIES**

25. On February 2, 2021, counsel for Jung Seed sent Defendants a cease and desist letter through Defendants' Facebook and Etsy accounts via direct messaging.

26. On February 8, 2021, counsel for Defendants contacted counsel for Jung Seed and stated that there is no conflict between the parties' respective marks and that his client would not consider a name change.

27. Counsel for Defendants specifically declined to identify its client to counsel for Jung Seed during that conversation.

28. Jung Seed continued to monitor the www.junglette.com website and noted that Defendant(s) continued resetting their launch countdown to later dates.

29. While Jung Seed monitored Defendants' activities, Jung Seed filed a takedown notice with the registrar for www.junglette.com on February 25, 2021.

30. The registrar, Domains By Proxy, provided Jung Seed with the name and contact information of Defendant Vowell, who was the registrant of the www.junglette.com domain, and encouraged Jung Seed to communicate with Defendant Vowell directly.

31. Jung Seed reached out to Defendant Vowell twice, but Defendant Vowell refused to consider a name change and disregarded the fact that there had been actual confusion in the marketplace. A true and correct copy of the correspondence between the parties is attached as Exhibit A.

32. Defendant Vowell formed Defendant Flight 396 with the Texas Secretary of State on

March 8, 2021.

33. On information and belief, Defendant Flight 396 is the current owner of the JUNGLETTE business and Defendant Vowell is the sole member and manager of Flight 396.

**DEFENDANTS' CURRENT ACTIVITIES**

34. As of August 31, 2021, Defendants have launched a beta version of its JUNGLETTE marketplace in "test mode."



35. Defendants also continue to operate their Instagram and Facebook accounts, promoting their online plant marketplace.

36. On information and belief, Defendants are imminently planning to launch their "online marketplace" for plants and seeds in connection with the JUNGLETTE mark, despite

being fully aware of Jung Seed's trademark rights and the existence of actual consumer confusion taking place with Jung Seed's trademark even prior to their full business launch.

37. On information and belief, Defendants are knowingly and willingly continuing to use the JUNGLETTE trademark to intentionally deceive consumers in the marketplace and trade off the valuable goodwill of Jung Seed's long-standing reputation of high-quality seeds and plants.

## COUNT I – TRADEMARK INFRINGEMENT

38. Jung Seed incorporates by reference the allegations set forth in paragraphs 1 – 37 of this Complaint as though fully set forth herein.

39. Through extensive use of the JUNG trademark for more than 114 years, the JUNG mark has garnered significant recognition, goodwill and value in the marketplace.

40. The JUNGLETTE trademark is substantially similar to the JUNG mark in sight, sound and connotation.

41. Jung Seed and Defendants provide closely related – if not the same - goods and services to the same classes of customers in the same channels of trade, in connection with their JUNG and JUNGLETTE trademarks.

42. Jung Seed is aware of at least one example of actual confusion by consumers in the marketplace between Jung Seed and the Defendants due to the Defendants' use of the JUNGLETTE trademark, even though Defendants have not yet fully launched their business.

43. On information and belief, Defendants are using the JUNGLETTE trademark for the purpose of trading on the immense goodwill Jung Seed has developed in the JUNG mark.

44. Defendant's unauthorized use of the JUNGLETTE trademark is causing and is likely to continue causing confusion, mistake and deception of the public as to the identity and origin, and affiliation of or sponsorship between, Jung Seed's and Defendants' respective goods and services.

45. Defendants' infringing conduct has caused and will continue to cause damage to Jung Seed, and is causing irreparable harm to Jung Seed for which there is no adequate remedy at law.

### COUNT II – UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

46. Jung Seed realleges and incorporates by reference paragraphs 1-45 of the Complaint.

47. Defendants' use of the JUNGLETTE trademark, JUNGLETTE trademark design and junglette.com domain name in connection with both related and/or identical goods and/or services is causing and is likely to continue causing confusion, mistake, or deception of an appreciable number of ordinary buyers as to the source of or association of those goods and services with Jung Seed.

48. Defendants continue to use the JUNGLETTE trademark, logo and domain name, despite having full knowledge of Jung Seed's priority of use of the mark and consumer recognition in the mark.

49. The foregoing acts of Defendants constitute unfair competition and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a).

50. Jung Seed has sustained, and unless enjoined will continue to sustain, substantial injury and damage. Defendants' acts, unless enjoined, will cause Jung Seed continuing irreparable harm for which Jung Seed has no adequate remedy at law.

## COUNT III – CYBERPIRACY

51. Jung Seed realleges and incorporates by reference paragraphs 1-50 of the Complaint.

52. Defendants had and continue to have a bad faith intent to profit from the goodwill of the JUNG mark.

53. Defendants have registered and use a domain name ([www.junglette.com](www.junglette.com)) that is identical or confusingly similar to a distinctive mark in which Jung Seed has a protected interest.

54. As a result, Jung Seed has sustained, and unless enjoined will continue to sustain, substantial injury and damage. Defendants' acts, unless enjoined, will cause Jung Seed continuing irreparable harm for which there is no adequate remedy at law.

## JURY DEMAND

Jung Seed hereby demands trial by jury of all claims pursuant to Fed. R. Civ. P. 38.

## PRAYER FOR RELIEF

Jung Seed asks that Defendants be required to appear, answer and stand trial, and for the Court to enter judgment as follows:

A. Preliminary and permanently enjoining Defendants, their employees, agents, licensees and marketplace users, and all persons acting in concert with them:

   i. from using the JUNGLETTE and JUNGLETTE (& Design) trademarks, the junglette.com domain name, and any colorable imitations of the JUNG trademark in connection with the sale, advertising or promotion of goods and services; and

   ii. from using in commerce any other word, term, name, symbol, logo or combination thereof, or any false designation of origin, false or misleading description or representation of fact, that is likely to cause confusion or to

cause mistake or to deceive as to the affiliation, connection or association of Defendants with Jung Seed, or as to the origin, sponsorship or approval of Defendants' goods, services or commercial activities by Jung Seed;

B. Requiring the Defendants to file and serve with this Court and serve on Jung Seed, within 30 days of issuance of any injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants' complied with the injunction;

C. Requiring the Defendants to transfer the www.junglette.com domain to Jung Seed;

D. Entering judgment for damages in favor of Jung Seed and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, and restitution, including disgorgement of profits;

E. Tripling any damages awarded and increasing any profits awarded as this Court finds just;

F. Requiring Defendants to pay Jung Seed's attorneys' fees, costs and expenses, as well as pre- and post-judgment interest; and

G. Providing any other remedy to which Jung Seed may be entitled under law and equity.

| Dated:  September 2, 2021 | Respectfully Submitted,<br><br>HUSCH BLACKWELL, LLP<br><br>By: */s/ Sabrina A. Neff*<br>    Sabrina A. Neff TBN# 24065813<br>    600 Travis St., Suite 2350<br>    Houston, Texas 77002<br>    (713) 647-6800 – Telephone<br>    sabrina.neff@huschblackwell.com<br><br>ATTORNEYS FOR PLAINTIFF<br>J.W. JUNG SEED COMPANY |
|---|---|